UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DENNIS PERRY**<br><br>      Plaintiff,<br><br>Versus<br><br>**H.J. HEINZ COMPANY BRANDS LLC**<br><br>      **Defendant.** | CIVIL ACTION NO. 19-280<br><br>JUDGE _____<br><br>MAGISTRATE _____ |

## COMPLAINT

DENNIS PERRY ("Plaintiff"), through undersigned counsel, alleges the following in support of his Complaint against Defendant, H.J. HEINZ COMPANY BRANDS LLC ("Defendant"), for infringement and counterfeiting of Plaintiff's federally registered "METCHUP" trademark.

## NATURE OF THE CASE

1. This is an action for trademark infringement under the Lanham Act, 15 U.S.C. § 1051, *et seq.,* including the Trademark Counterfeiting Act of 1984, 15 U.S.C. § 1116(d), and related state law claims for trademark infringement and unfair competition due to Defendant's unlawful manufacture, distribution, advertisement and/or sale of infringing goods and promotional materials bearing a confusingly similar trademark as to Plaintiff's federally registered "METCHUP" trademark.

1

## PARTIES

2. Plaintiff DENNIS PERRY is a Louisiana citizen of full age of majority residing in St. Tammany Parish, Louisiana.

3. Upon information and belief, Defendant H.J. HEINZ COMPANY BRANDS LLC is a Delaware limited liability company with its principal place of business at One PPG Place, Pittsburgh, PA 15222.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a) and (b). This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) with respect to the state law claims asserted herewith.

5. This Court has personal jurisdiction over Defendant because they are transacting business in this State and have caused harm or tortious injury in this State by acts within this State. Upon information and belief, Defendant is currently advertising, selling, and distributing infringing goods within the Eastern District of Louisiana.

6. Venue in this District is proper under 28 U.S.C. § 1391(b)-(d). A substantial part of the acts of infringement complained of herein occurs or has occurred in this District.

## FACTUAL BACKGROUND

7. Plaintiff is an entrepreneur who has invested substantial time, money, and effort into creating and branding a mayonnaise and ketchup condiment sauce and a mayonnaise and mustard condiment sauce bearing the name "METCHUP."

8. Since at least as early as August 15, 2010, Plaintiff has manufactured, bottled, and sold his "METCHUP" brand condiment sauces within the United States.

9. Plaintiff is the exclusive owner of the "METCHUP" trademark, federally registered with the United States Patent & Trademark Office bearing U.S. Reg. No. 392003 for use in connection with "ketchup; mayonnaise; mustard."[1] Due to Plaintiff's longstanding, continuous, and exclusive use of the "METCHUP" trademark, Plaintiff's trademark registration is now incontestable pursuant to 15 U.S.C. § 1065.

10. Despite Plaintiff's efforts to protect his trademark in his mayonnaise and ketchup condiment sauce, Defendant created and branded a competing mayonnaise and ketchup condiment sauce using a confusingly similar trademark.

11. Specifically, starting in or around April of 2018, Defendant launched a nation-wide ad campaign in which it heavily promoted its new mayonnaise and ketchup condiment sauce using the trademark "MAYOCHUP."

12. Defendant's "MAYOCHUP" mark is confusingly similar in sight, sound, and meaning when compared to Plaintiff's "METCHUP" mark.

---

[1] Exhibit A, certificate of trademark registration.

3

13. Defendant's "MAYOCHUP" mark bears a particularly strong phonetic similarity to Plaintiff's mark. Depending on pronunciation and/or regional dialect, the marks are virtually indistinguishable from one another.

14. In fact, consumers on social media and news articles covering Defendant's infringing product have noted the auditory similarities, best summarized by the following posts on the social media platform, Twitter, including one in which Defendant responded:



15.  Defendant has further advertised its infringing "MAYOCHUP" product using a counterfeit designation that is identical to Plaintiff's "METCHUP" trademark. Specifically, in extensive social media advertising and on Defendant's website, www.heinz.com, Defendant used Plaintiff's federally registered "METCHUP" trademark in order to advertise its products:



16.  Due to Defendant's blatant infringement and misleading advertising practices, internet searches for Plaintiff's federally registered "METCHUP" trademark instead direct consumers to Defendant's "MAYOCHUP" products. As of January 14, 2019, half of all "METCHUP" search results returned on the first page of Google concern Defendant's products. In fact, the first result on Google for Plaintiff's "METCHUP" trademark directs consumers to Defendant's website:



5

17. Defendant's social media accounts are also replete with instances of consumers referring to Defendant's infringing "MAYOCHUP" product as "METCHUP."

18. Upon information and belief, Defendant has used and continues to use its confusingly similar "MAYOCHUP" mark in commerce despite knowledge of Plaintiff's superior rights in his federally registered "METCHUP" trademark.

19. As a result of Defendant's substantially similar use of Plaintiff's federally registered trademark, Defendant deceives the consuming public into believing that they are purchasing genuine goods which have been manufactured, authorized, or approved by Plaintiff, and will likely cause confusion and mistake in that consumers are likely to assume that Plaintiff has manufactured, authorized, or approved of the infringing goods sold by Defendant.

20. Additionally, or in the alternative, the commercial viability of Plaintiff's business has been damaged to the extent Defendant's actions create reverse trademark confusion. Reverse trademark confusion occurs when a larger company uses a smaller senior user's trademark such that consumers assume the senior user's mark is associated with or infringing the junior user's mark.

21. In addition to causing Plaintiff to suffer incalculable, irrecoverable, and irreparable lost sales, Defendant's manufacture, advertisement, distribution, and sale of its infringing goods will irreparably injure Plaintiff's reputation.

## CLAIMS FOR RELIEF

### COUNT I – COUNTERFEITING
### 15 U.S.C. §§ 1114(1)(a)-(b), 1116(d), 1117

22. Plaintiff incorporates herein by reference each and every averment contained in the foregoing paragraphs as if fully set forth herein.

23. Defendant has used counterfeit marks that are identical with, or substantially indistinguishable from Plaintiff's federally registered "METCHUP" mark.

24. Upon information and belief, Defendant's competing mayonnaise and ketchup condiment sauce marketed under the names "MAYOCHUP" and/or "METCHUP" constitute the use of a counterfeit mark in connection with the sale, offering for sale, or distribution of goods or services. Defendant has trafficked these goods in violation of the Trademark Counterfeiting Act of 1984, 15 U.S.C. § 1116(d), and unless restrained and enjoined, will continue to traffic these goods, all to Plaintiff's monetary damage and irreparable harm.

25. Pursuant to 15 U.S.C. § 1117(b), Plaintiff is further entitled to three times Defendant's profits from the infringement together with reasonable attorneys' fees.

26. Alternatively, in lieu of damages and/or Defendant's profits, Plaintiff is entitled to statutory damages pursuant to 15 U.S.C. § 1117(c) in an amount up to $200,000. In the event that Plaintiff shows that Defendant's actions were willful, Plaintiff will be entitled to statutory damages in an amount up to $2,000,000.

## COUNT II – TRADEMARK INFRINGEMENT
## 15 U.S.C. § 1114

27. Plaintiff incorporates herein by reference each and every averment contained in the foregoing paragraphs as if fully set forth herein.

28. Defendant's substantially similar use of Plaintiff's federally registered trademark deceives the consuming public into believing that they are purchasing genuine goods which have been manufactured, authorized, or approved by Plaintiff, and will likely cause confusion and mistake in that consumers are likely to assume that Plaintiff has manufactured, authorized, or approved of the infringing goods sold by Defendant.

29. Defendant's use of a substantially similar mark as to the federally registered "METCHUP" mark owned by Plaintiff causes confusion as to the identity of the source of the products, capitalizes on Plaintiff's goodwill it has built over nearly a decade of continuous and exclusive use of its mark, and damages Plaintiff's ability to market and sell its products and/or business.

30. Additionally, or in the alternative, Plaintiff's business has been damaged to the extent Defendant's actions create reverse trademark confusion.

31. Plaintiff, under this cause of action, is entitled to damages equal to Defendant's profits, damages sustained by the Plaintiff, and costs. Plaintiff is further entitled to an amount up to three times the amount found as actual damages. Moreover, should the Court find this to be an exceptional case, Plaintiff is further entitled to his reasonable attorneys' fees.

32. Defendant's acts described herein will infringe Plaintiff's mark, will injure Plaintiff business, reputation, and goodwill, and unless restrained and enjoined will continue to do so, all to Plaintiff's monetary damage and irreparable harm.

### COUNT III – FALSE DESIGNATION OF ORIGIN
### 15 U.S.C. § 1125(a)

33. Plaintiff incorporates herein by reference each and every averment contained in the foregoing paragraphs as if fully set forth herein.

34. Defendant's confusingly similar use of Plaintiff's "METCHUP" mark creates a false designation of origin and false representation of Defendant's goods, all in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

35. The threat of the loss of Plaintiff's right to control the use of his mark and the reputation of his goods is real and substantial. This loss is further enhanced by the inferior quality of Defendant's merchandise.

36. Defendant's acts described herein will infringe Plaintiff's mark, will injure Plaintiff business, reputation, and goodwill, and unless restrained and enjoined will continue to do so, all to Plaintiff's monetary damage and irreparable harm.

37. Plaintiff, under this cause of action, is entitled to damages equal to the amounts described in Count II.

### COUNT IV – LIABILITY FOR ACTS CAUSING DAMAGES
### LA. CIV. CODE 2315

38. Plaintiff incorporates herein by reference each and every averment contained in the foregoing paragraphs as if fully set forth herein.

39. Defendant is liable for damages under Louisiana Civil Code Article 2315

9

for damages caused by the above-described wrongful acts, as set forth in detail above.

### COUNT V – LOUISIANA UNFAIR TRADE PRACTICES
### LA. R.S. 51:1409

40. Plaintiff incorporates herein by reference each and every averment contained in the foregoing paragraphs as if fully set forth herein.

41. The above-described wrongful acts constitute unfair or deceptive acts or practices, in violation of La. R.S. 51:1409, *et seq*.

42. In the event that Plaintiff shows that Defendant's actions were done knowingly, after being put on notice by the attorney general, Plaintiff will be entitled to three times the damages sustained.

### COUNT VI – LOUISIANA TRADEMARK INFRINGEMENT
### LA. REV. STAT. § 51:222

43. Plaintiff incorporates herein by reference each and every averment contained in the foregoing paragraphs as if fully set forth herein.

44. The above-described wrongful acts constitute infringement of Plaintiff's trademark under Louisiana Trademark law, La. Rev. Stat. § 51:222.

### COUNT VII – LOUISIANA TRADEMARK DILUTION
### LA. REV. STAT. § 51:222.1

45. Plaintiff incorporates herein by reference each and every averment contained in the foregoing paragraphs as if fully set forth herein.

46. The above-described wrongful acts constitute dilution (or dilution by blurring) of Plaintiff's trademark and injury to Plaintiff's business reputation (dilution by tarnishment) under Louisiana Trademark law, La. Rev. Stat. §§ 51:222.1.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

47. For entry of a preliminary and permanent injunction immediately and without bond enjoining Defendant from any use or display of Plaintiff's federally registered "METCHUP" trademark and/or Defendant's confusingly similar "MAYOCHUP" trademark;

48. For entry of an order compelling Defendant to deliver up and destroy all use or display of Plaintiff's federally registered "METCHUP" trademark and/or Defendant's confusingly similar "MAYOCHUP" trademark;

49. For entry of judgment against Defendant for all damages to which Plaintiff may be entitled, including:

    a. Defendant's profits and for damages in an amount as may be proven at trial, together with any applicable statutory damage enhancements, including treble damages;

    b. Alternatively, at Plaintiff's election, for the maximum amounts allowed by law for mandatory statutory damages of up to $200,000 per mark infringed or up to $2,000,000 for willful use of Plaintiff's mark;

    c. For prejudgment and post-judgment interest according to law;

    d. For Plaintiff's attorneys' fees, and full costs and disbursements in this action; and

    e. For such other and relief as the court may find appropriate.

Respectfully Submitted,

*[signature: Brad Harrigan]*

Brad E. Harrigan (Bar No. 29592)
Kenneth L. Tolar (Bar No. 22641)
**TOLAR HARRIGAN & MORRIS LLC**
1055 St. Charles Avenue, Suite 208
New Orleans, LA 70130
Telephone: (504) 571-5317
Facsimile: (504) 571-5437
bharrigan@nolaipa.com
ktolar@nolaipa.com
***Counsel for Dennis Perry***