**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA**

DENNIS PERRY,

     *Plaintiff,*

v.

H.J. HEINZ COMPANY
BRANDS LLC

     *Defendant.*

CASE NO.  2 : 19-cv-280

DISTRICT JUDGE FELDMAN

MAGISTRATE JUDGE NORTH

**DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES
<u>AND COUNTERCLAIMS</u>**

Defendant H.J. Heinz Company Brands LLC ("Heinz Brands" or "Defendant") hereby answers the allegations asserted in Plaintiff's Complaint and asserts counterclaims against Plaintiff Dennis Perry ("Perry" or "Plaintiff") as follows:

1.     The allegations set forth in paragraph 1 of the Complaint are Plaintiff's characterizations of his claims, which need not be admitted or denied.  By way of further response, Heinz Brands admits only that Plaintiff has asserted claims under the federal Lanham Act, 15 U.S.C. § 1051 *et seq.* and related state law claims.  Heinz Brands denies that there is any merit to Plaintiff's claims.

2.     Heinz Brands lacks sufficient knowledge or information to admit or deny the allegations set forth in paragraph 2 of the Complaint, and accordingly denies those allegations.

3.     Admitted.

4.     The allegations set forth in paragraph 4 of the Complaint are conclusions of law that need not be admitted or denied.  By way of further response, Heinz Brands does not dispute that this Court has subject matter jurisdiction over Plaintiff's claims and Heinz Brands'

counterclaims.

5.      The allegations set forth in the first sentence of paragraph 5 of the Complaint are conclusions of law that need not be admitted or denied.  Heinz Brands denies the allegations set forth in the second sentence of paragraph 5 of the Complaint.  By way of further response, Heinz Brands incorporates herein by reference its response to paragraph 10 of the Complaint.

6.      The allegations set forth in the first sentence of paragraph 6 of the Complaint are conclusions of law that need not be admitted or denied.  In response to the second sentence of paragraph 6 of the Complaint, Heinz Brands admits only that, on information and belief, HEINZ® MAYOCHUP-branded condiment sauce products have been sold in this District.  Heinz Brands denies the remaining allegations set forth in paragraph 6 of the Complaint.

7.      Heinz Brands lacks sufficient knowledge or information to admit or deny the allegations set forth in paragraph 7 of the Complaint, and accordingly denies those allegations.

8.      Heinz Brands lacks sufficient knowledge or information to admit or deny the allegations set forth in paragraph 8 of the Complaint, and accordingly denies those allegations.

9.      Heinz Brands lacks sufficient knowledge or information to admit or deny the allegations set forth in paragraph 9 of the Complaint, and accordingly denies those allegations.

10.      In response to paragraph 10 of the Complaint, Heinz Brands admits that it is the owner of the MAYOCHUP mark.  Heinz Brands further admits that, in or around April 2018, Heinz Brands' licensee, the Kraft Heinz Foods Company, launched in the U.S. market a HEINZ® MAYOCHUP-branded mayonnaise and ketchup condiment sauce.  The assertion that the MAYOCHUP mark is confusingly similar to the asserted METCHUP mark is a conclusion of law and requires no response.  Heinz Brands lacks sufficient knowledge or information to admit or deny the allegations in paragraph 10 relating to Plaintiff's "efforts to protect his trademark in his

mayonnaise and ketchup condiment sauce," and those allegations are accordingly denied.  Heinz Brands denies the remaining allegations set forth in paragraph 10 of the Complaint.

11.     Denied.  By way of further response, Heinz Brands incorporates by reference its response to paragraph 10 of the Complaint.

12.     Denied.

13.     Denied.

14.     Heinz Brands answers that the assertion that the  MAYOCHUP mark is an infringement of or is confusingly similar to the asserted METCHUP mark is a conclusion of law and requires no response.  Heinz Brands further denies that it responded to a Twitter user as alleged in paragraph 14 of the Complaint.  Heinz Brands lacks sufficient knowledge or information to admit or deny the remaining allegations set forth in paragraph 14 of the Complaint, and those allegations are accordingly denied.

15.     Denied.

16.     Kraft Heinz admits only that, as of March 11, 2019, a Google search for "METCHUP" produces the search result shown in paragraph 16 of the Complaint (among other results).  Kraft Heinz denies that it has committed any acts of infringement or misleading advertising.  Kraft Heinz lacks sufficient knowledge or information to admit or deny what a Google search for "METCHUP" would have shown on January 14, 2019, and those allegations are accordingly denied.  Kraft Heinz denies the remaining allegations set forth in paragraph 16 of the Complaint.

17.     Denied.

18.     Denied.

19.     Denied.

20.     The allegations set forth in the second sentence of paragraph 20 of the Complaint are Plaintiff's characterizations of the doctrine of reverse trademark confusion, which need not be admitted or denied.  Heinz Brands denies the remaining allegations set forth in paragraph 20 of the Complaint.

21.     Denied.

## COUNT I

22.     Heinz Brands restates and incorporates herein by reference its response to the allegations set forth in paragraphs 1 through 21 of the Complaint.

23.     Denied.

24.     Denied.

25.     Denied.

26.     Denied.

## COUNT II

27.     Heinz Brands restates and incorporates herein by reference its response to the allegations set forth in paragraphs 1 through 26 of the Complaint.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Denied.

## COUNT III

33.     Heinz Brands restates and incorporates herein by reference its response to the allegations set forth in paragraphs 1 through 32 of the Complaint.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

## COUNT IV

38.     Heinz Brands restates and incorporates herein by reference its response to the allegations set forth in paragraphs 1 through 37 of the Complaint.

39.     Denied.

## COUNT V

40.     Heinz Brands restates and incorporates herein by reference its response to the allegations set forth in paragraphs 1 through 39 of the Complaint.

41.     Denied.

42.     Denied.

## COUNT VI

43.     Heinz Brands restates and incorporates herein by reference its response to the allegations set forth in paragraphs 1 through 42 of the Complaint.

44.     Denied.

## COUNT VII

45.     Heinz Brands restates and incorporates herein by reference its response to the allegations set forth in paragraphs 1 through 44 of the Complaint.

46.     Denied.

## PRAYER FOR RELIEF

47-49. The allegations set forth in paragraphs 47 through 49 of the Complaint are Plaintiff's demands for relief, which need not be admitted or denied. Heinz Brands denies that Plaintiff is entitled to any of the relief he seeks.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims should be dismissed in whole or in part for failure to state a claim.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims should be dismissed in whole or in part because the asserted METCHUP mark is not protectable as a trademark.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims should be dismissed in whole or in part because Plaintiff has not used and does not use the asserted METCHUP mark in commerce, and/or has not used and does not use the asserted METCHUP mark in commerce in connection with the goods described in U.S. Trademark Registration No. 3,920,025, and accordingly has abandoned that mark.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims should be dismissed in whole or in part because Defendant Heinz Brands does not make, advertise, promote or sell the accused products.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims should be dismissed in whole or in part because Defendant Heinz Brands does not own or use a METCHUP mark as alleged in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims should be dismissed in whole or in part because Defendant Heinz Brands' MAYOCHUP mark is not confusingly similar to the asserted METCHUP mark, either on the face of the marks themselves or as the marks are actually used in commerce.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims should be dismissed in whole or in part because the use of Defendant Heinz Brands' MAYOCHUP mark on high quality food products neither blurs nor tarnishes any rights that Plaintiff may have in the asserted METCHUP mark.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims should be dismissed in whole or in part because Plaintiff has not alleged facts sufficient to justify a demand for injunctive relief.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims should be dismissed in whole or in part because Plaintiff has not alleged facts sufficient to justify a demand for damages.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims should be dismissed in whole or in part because Plaintiff has not alleged facts sufficient to justify a demand for enhanced damages, attorneys' fees, costs, disbursements, interest or other compensation.


WHEREFORE, Defendant H.J. Heinz Company Brands LLC requests that this Court dismiss all counts of Plaintiff's Complaint with prejudice and award Defendant such other and further relief, including costs and attorneys' fees to the extent permitted by law, as the Court may deem proper.

## COUNTERCLAIMS

Defendant and Counterclaim Plaintiff H.J. Heinz Company Brands LLC ("Heinz Brands" or "Counterclaim Plaintiff") hereby asserts the following counterclaims against Plaintiff and Counterclaim Defendant Dennis Perry ("Perry" or "Counterclaim Defendant"):

## NATURE OF THE CASE

1.      Counterclaim Plaintiff Heinz Brands seeks a declaratory judgment that its MAYOCHUP mark, which is used together with the famous HEINZ® house brand and associated trade dress in connection with a mayonnaise-and-ketchup condiment sauce, does not infringe any rights that Counterclaim Defendant Perry may have in the mark METCHUP, which he has asserted against Heinz Brands in this litigation.  Heinz Brands also seeks cancellation of U.S. Trademark Registration No. 3,920,035 for METCHUP, which Perry claims to own, on the grounds that Perry has abandoned that mark.

## PARTIES

2.      Counterclaim Plaintiff Heinz Brands is a Delaware limited liability company with its principal place of business at One PPG Place, Pittsburgh, PA 15222.

3.      Counterclaim Defendant Perry is, on information and belief, an adult individual who is a citizen of Louisiana and who resides in this district.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, 1367 and 2201 because Counts II-VIII are for declaratory judgment for claims involving trademarks and an actual case or controversy exists between the parties, and because all of Heinz Brands' counterclaims arise under the Lanham Act.

5.      This Court has personal jurisdiction over Perry because, on information and belief, he is a Louisiana citizen who resides in this district.

6.      Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Heinz Brands' claims have occurred in this district and a substantial part of the property that is subject to the action is situated in this district.

## FACTUAL BACKGROUND

7.      Heinz Brands is a subsidiary of The Kraft Heinz Company, the third largest food and beverage company in the United States.  Heinz Brands owns a portfolio of well-known trademarks, including the famous HEINZ® family of marks.  Heinz Brands licenses some of its marks, including the HEINZ® marks, to Kraft Heinz Foods Company, the operating entity of the Kraft Heinz Company.  Kraft Heinz Foods Company, in turn, uses the HEINZ® marks in connection with its promotion and sale of high quality food products throughout the United States.

8.      In or about April 2018, Kraft Heinz Foods Company launched a condiment sauce comprised of mayonnaise and ketchup in the United States.  Pursuant to its license from Heinz Brands, Kraft Heinz Foods Company promotes and sells that product using the famous HEINZ® house mark and trade dress in conjunction with the product mark MAYOCHUP.  An image of the product, showing the HEINZ® and MAYOCHUP marks and trade dress as used in commerce, is shown below:



9.     On or about April 23, 2018, Heinz Brands applied for federal registration of the MAYOCHUP mark.

10.     On January 14, 2019, Perry filed this lawsuit, asserting (incorrectly) that Heinz Brands was using the MAYOCHUP mark to promote and sell products in violation of the federal Lanham Act as well as related state trademark and unfair competition laws.

11.     On January 23, 2019, Perry filed a notice of opposition to Heinz Brands' MAYOCHUP application with the U.S. Trademark Trial and Appeal Board ("TTAB").  The parties agreed to suspend that opposition proceeding pending resolution of this lawsuit, and the TTAB has granted that suspension.

12.     In his Complaint in this action, Perry claims to be the owner of U.S. Trademark Registration No. 3,920,035 for METCHUP (the "'035 Registration").  The '035 Registration states that the word mark METCHUP is registered for "ketchup; mayonnaise; mustard, in Class 30 (U.S. Cl. 46)."

13.     On December 24, 2010, during the application process, Perry submitted the following photograph as a specimen to demonstrate use of his METCHUP mark:



14.     Perry further alleges in his Complaint that he has used the METCHUP mark to promote "a mayonnaise and ketchup condiment sauce and a mayonnaise and mustard condiment sauce."

15.     Although Perry claims to have sold METCHUP-branded condiment sauces in the United States "since at least as early as August 15, 2010," he provides no information regarding where or when those products purportedly have been sold, how the products purportedly have been promoted, or how the METCHUP mark purportedly appears on any such products.  Indeed, Heinz Brands is aware of no evidence to suggest that such products, whether ketchup, mustard or mayonnaise, are, in fact, being sold.

16.     Perry does not allege that he has ever used the METCHUP mark in commerce in connection with ketchup, mayonnaise or mustard, which are the only three products recited in the '035 Registration.

17.     On information and belief, Perry has never used the METCHUP mark in commerce in connection with ketchup, mayonnaise or mustard.

18.     On August 26, 2017 Perry submitted a Declaration to the U.S. Patent and Trademark Office averring that his METCHUP mark was in use with all the goods listed in Reg. No. 3,920,035, namely "Ketchup; mayonnaise; mustard" along with a specimen to demonstrate such use.  The alleged specimen submitted to demonstrate continued use of his mark on these products was the exact same photograph, featuring the word "new," submitted almost seven years before.



19.     In his Complaint, Perry alleges that Heinz Brands has promoted and sold condiment sauce products using the mark METCHUP.  That allegation is false.  Apart from the fact that Heinz

Brands does not make, promote or sell any products, there is no HEINZ® branded product called METCHUP on the market, nor has there ever been such a product on the market.

20.     Perry also alleges that the use of the MAYOCHUP mark in connection with a mayonnaise and ketchup condiment sauce sold under the HEINZ® house brand is likely to confuse consumers into believing there is some association between the HEINZ® MAYOCHUP products and Perry's METCHUP mark.  There is no basis for that allegation.

21.     Even standing alone, the MAYOCHUP and METCHUP word marks convey materially different visual and aural impressions.

22.     The impressions conveyed are even more different when the marks are considered as they are actually used in commerce.

23.     The MAYOCHUP mark is used in commerce in conjunction with the famous HEINZ® house brand and associated trade dress in connection with a mayonnaise and ketchup condiment sauce.

24.     Perry does not allege how the METCHUP mark is (or ever has been) used in commerce.

25.     At a minimum, the real world usage of the MAYOCHUP mark conveys a fundamentally different impression than the asserted METCHUP mark.  Any further differences in how the MAYOCHUP and METCHUP marks are actually used in commerce would only make it less likely that there would be any consumer confusion associated with the two marks.

## COUNT I

## CANCELLATION OF U.S. TRADEMARK REGISTRATION NO. 3,920,035

26.     Heinz Brands restates and incorporates herein by reference the averments set forth in paragraphs 1 through 25 of the foregoing Counterclaims.

27.     Perry claims to be the owner of the '035 Registration for METCHUP.

28.     Perry has never used the METCHUP mark in commerce in connection with ketchup, mayonnaise or mustard, which are the only three goods recited by in the '035 Registration.

29.     Heinz Brands is aware of no evidence to show that Perry ever used the METCHUP mark in commerce in connection with any product.

30.     To the extent Perry ever used the METCHUP mark in commerce in connection with any product, he no longer does so.

31.     Perry has abandoned the METCHUP mark, and the '035 Registration should be canceled accordingly.

32.     Heinz Brands will be damaged by the continued registration of the '035 Registration and hereby petitions to cancel that registrations on the grounds of non-use and/or abandonment.

## COUNT II

## DECLARATORY JUDGMENT OF NO COUNTERFEITING
## (15 U.S.C. §§1114)

33.     Heinz Brands restates and incorporates herein by reference the averments set forth in paragraphs 1 through 32 of the foregoing Counterclaims.

34.     Perry filed this suit against Heinz Brands alleging that Heinz Brands "has used counterfeit marks that are identical with, or substantially indistinguishable from" the asserted METCHUP mark.

35.     Heinz Brands has never used in commerce the METCHUP mark that is the subject of the '035 Registration, or a mark that is a reproduction, counterfeit, copy or colorable imitation of that registered mark.

36.     On information and belief, Perry knows – and knew when he filed this suit – that Heinz Brands has never used a METCHUP mark in commerce.

37.     The use in commerce of Heinz Brands' MAYOCHUP mark does not infringe any rights that Perry may have in the '035 Registration or the METCHUP mark.

38.     An actual, present and justiciable controversy exists between the parties regarding Perry's allegation that the use in commerce of Heinz Brands' MAYOCHUP mark violates the counterfeiting provisions of the federal Lanham Act, 15 U.S.C. §1114.

39.     To afford relief from the uncertainty and controversy that Perry has caused with his allegations in this case, Heinz Brands is entitled to a declaratory judgment of its rights pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*.

## COUNT III

### DECLARATORY JUDGMENT OF NO TRADEMARK INFRINGEMENT
### (15 U.S.C. §§1114)

40.     Heinz Brands restates and incorporates herein by reference the averments set forth in paragraphs 1 through 39 of the foregoing Counterclaims.

41.     Perry filed this suit against Heinz Brands alleging that Heinz Brands has used in commerce a mark that is substantially similar to the asserted METCHUP mark, and that such use is likely to cause consumer confusion as to the source or affiliation of HEINZ® METCHUP

products.

42.     The use in commerce of Heinz Brands' MAYOCHUP mark is not likely to cause consumer confusion, and does not infringe any rights that Perry may have in the '035 Registration or the METCHUP mark.

43.     An actual, present and justiciable controversy exists between the parties regarding Perry's allegation that the use in commerce of Heinz Brands' MAYOCHUP mark constitutes trademark infringement under the federal Lanham Act, 15 U.S.C. §1114.

44.     To afford relief from the uncertainty and controversy that Perry has caused with his allegations in this case, Heinz Brands is entitled to a declaratory judgment of its rights pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*.

## COUNT IV

## DECLARATORY JUDGMENT OF NO FALSE DESIGNATION OF ORIGIN (15 U.S.C. §§1125(a))

45.     Heinz Brands restates and incorporates herein by reference the averments set forth in paragraphs 1 through 44 of the foregoing Counterclaims.

46.     Perry filed this suit against Heinz Brands alleging that Heinz Brands has engaged in "confusingly similar use" of the METCHUP mark that "creates a false designation of origin and false representation of [Heinz Brands'] goods," in violation of the §43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

47.     Perry also alleges that HEINZ® MAYOCHUP products are of "inferior quality."

48.     The use in commerce of Heinz Brands' MAYOCHUP mark is not likely to cause consumer confusion, and does not infringe any rights that Perry may have in the '035 Registration or the METCHUP mark.

16

49.     There is no basis for Perry's assertion that HEINZ® MAYOCHUP products are of "inferior quality."  On the contrary, for decades consumers have associated the famous HEINZ® brand with high quality condiment sauces and other food products, including HEINZ® MAYOCHUP.

50.     On information and belief, Perry knows – and knew when he filed his Complaint – that there was no basis for his allegation that HEINZ® MAYOCHUP products are of "inferior quality."

51.     An actual, present and justiciable controversy exists between the parties regarding Perry's allegation that the use in commerce of Heinz Brands' MAYOCHUP mark constitutes a false designation of origin under the federal Lanham Act, 15 U.S.C. §1125(a).

52.     To afford relief from the uncertainty and controversy that Perry has caused with his allegations in this case, Heinz Brands is entitled to a declaratory judgment of its rights pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*.

## COUNT V

### DECLARATORY JUDGMENT OF NO LIABILITY FOR DAMAGES
### (LA. CIV. CODE 2315)

53.     Heinz Brands restates and incorporates herein by reference the averments set forth in paragraphs 1 through 52 of the foregoing Counterclaims.

54.     Perry filed this suit against Heinz Brands alleging that Heinz Brands "is liable for damages under Louisiana Civil Code Article 2315 for damages caused by" the use in commerce of Heinz Brands' MAYOCHUP mark.

55.     The use in commerce of Heinz Brands' MAYOCHUP mark does not infringe any rights that Perry may have and has caused Perry no harm.

17

56.     An actual, present and justiciable controversy exists between the parties regarding Perry's allegation that the use in commerce of Heinz Brands' MAYOCHUP mark has caused him to suffer damages.

57.     To afford relief from the uncertainty and controversy that Perry has caused with his allegations in this case, Heinz Brands is entitled to a declaratory judgment of its rights pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*.

## COUNT VI

## DECLARATORY JUDGMENT OF NO UNFAIR TRADE PRACTICES (LA. R.S. 51:1409)

58.     Heinz Brands restates and incorporates herein by reference the averments set forth in paragraphs 1 through 57 of the foregoing Counterclaims.

59.     Perry filed this suit against Heinz Brands alleging that Heinz Brands has engaged in "unfair or deceptive acts or practices, in violation of La. R.S. 51:1409 *et seq*."

60.     The use in commerce of Heinz Brands' MAYOCHUP mark does not constitute an unfair or deceptive act or practice.

61.     The Louisiana Attorney General has not given Heinz Brands notice that the use of the MAYOCHUP mark in commerce is an unfair or deceptive act or practice (nor would there be any basis to do so).

62.     The use in commerce of Heinz Brands' MAYOCHUP mark has caused Perry no harm.

63.     There is no basis for Perry's demand for "three times the damages sustained" purportedly as a result of the use of Heinz Brands' MAYOCHUP mark.

64.     An actual, present and justiciable controversy exists between the parties regarding Perry's allegation that the use in commerce of Heinz Brands' MAYOCHUP mark has caused him to suffer damages.

65.     To afford relief from the uncertainty and controversy that Perry has caused with his allegations in this case, Heinz Brands is entitled to a declaratory judgment of its rights pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*.

## COUNT VII

## DECLARATORY JUDGMENT OF NO LOUISIANA TRADEMARK INFRINGEMENT (LA. R.S. 51:222)

66.     Heinz Brands restates and incorporates herein by reference the averments set forth in paragraphs 1 through 65 of the foregoing Counterclaims.

67.     Perry filed this suit against Heinz Brands alleging that Heinz Brands has engaged in trademark infringement under La. R.S. 51:222.1.

68.     The use in commerce of Heinz Brands' MAYOCHUP mark does not constitute trademark infringement.

69.     An actual, present and justiciable controversy exists between the parties regarding Perry's allegation that the use in commerce of Heinz Brands' MAYOCHUP mark constitutes trademark infringement under Louisiana law.

70.     To afford relief from the uncertainty and controversy that Perry has caused with his allegations in this case, Heinz Brands is entitled to a declaratory judgment of its rights pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*.

## COUNT VIII

## DECLARATORY JUDGMENT OF NO LOUISIANA DILUTION
### (LA. R.S. 51:223.1)

71.     Heinz Brands restates and incorporates herein by reference the averments set forth in paragraphs 1 through 70 of the foregoing Counterclaims.

72.     Perry filed this suit against Heinz Brands alleging that Heinz Brands has engaged in trademark dilution under "La. R.S. 51:222.1" [sic].

73.     The use in commerce of Heinz Brands' MAYOCHUP mark does not constitute trademark dilution under Louisiana law.

74.     An actual, present and justiciable controversy exists between the parties regarding Perry's allegation that the use in commerce of Heinz Brands' MAYOCHUP mark constitutes trademark dilution under Louisiana law.

75.     To afford relief from the uncertainty and controversy that Perry has caused with his allegations in this case, Heinz Brands is entitled to a declaratory judgment of its rights pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*.

## PRAYER FOR RELIEF

WHEREFORE, Counterclaim Plaintiff H.J. Heinz Company Brands LLC requests that the Court enter the following relief:

(a) Judgment ordering the cancelation of U.S. Trademark Registration No. 3,920,035;

(b) Judgment declaring that the use of Heinz Brands' MAYOCHUP mark in commerce does not violate any rights claimed by Perry under the federal Lanham Act;

(c) Judgment declaring that the use of Heinz Brands' MAYOCHUP mark in commerce does not violate any rights claimed by Perry under Louisiana trademark, dilution or unfair competition and/or unfair practices law;

(d)  A finding that this case is exceptional within the meaning of 15 U.S.C. § 1117;

(e)  An award of Heinz Brands' attorneys' fees and costs incurred in connection with this

litigation; and

(f)  Such other and further relief as the Court may deem proper.

HOLLAND & KNIGHT LLP

By: */s/ L. Bradley Hancock*
  L. Bradley Hancock
  LA Roll No. 27234
  Email:  brad.hancock@hklaw.com
  1100 Louisiana Street, Suite 4300
  Houston, Texas 77002
  713-821-7000 (phone)
  713-821-7001 (fax)

*Attorney for Defendant H.J. Heinz Company Brands LLC*

## **CERTIFICATE OF SERVICE**

I certify that true and correct copies of the foregoing were served on all counsel of record in accordance with the Federal Rules of Civil Procedure on the 12th day of March, 2019.

*/s/ L. Bradley Hancock*
L. Bradley Hancock