UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DENNIS PERRY<br><br>        Plaintiff,<br><br>Versus<br><br>H.J. HEINZ COMPANY BRANDS LLC<br><br>        Defendant. | CIVIL ACTION NO. 2:19-cv-280<br><br>DISTRICT JUDGE FELDMAN<br><br>MAGISTRATE JUDGE NORTH |

**PARTIAL ANSWER, AFFIRMATIVE DEFENSES, AND DEMAND FOR TRIAL BY JURY**

NOW INTO COURT, through undersigned counsel, comes DENNIS PERRY ("Plaintiff"), who, in response to Count I[1] of the counterclaims filed by H.J. HEINZ COMPANY BRANDS LLC ("Defendant"), avers as follows:

1.

The allegations contained in paragraph 1 of the Counterclaims constitute a narration and state legal conclusions which do not require an answer. To the extent response is required, Plaintiff denies that Defendant does not infringe upon Plaintiff's right to the mark "METCHUP" and further denies that Plaintiff has abandoned the trademark.

---

[1] Plaintiff has a filed a Motion to Dismiss (R. Doc. 22) Counts II through VIII of the counterclaims filed by the Defendant. A response to Counts II through VIII, if necessary, shall be filed within 14 days after the Court's disposition of this motion, pursuant to Rule 12(a)(4)(A).

1

2.

The allegations of paragraph 2 of the Counterclaims are admitted.

3.

The allegations of paragraph 3 of the Counterclaims are admitted.

4.

The allegations of paragraph 4 of the Counterclaims are admitted.

5.

The allegations of paragraph 5 of the Counterclaims are admitted.

6.

The allegations of paragraph 6 of the Counterclaims are admitted.

7.

The allegations contained in paragraph 7 of the Counterclaims do not pertain to Plaintiff and therefore require no response. To the extent response is required, these allegations are denied for lack of sufficient information to justify a belief therein.

8.

The allegations contained in paragraph 8 of the Counterclaims do not pertain to Plaintiff and therefore require no response. To the extent response is required, these allegations are denied for lack of sufficient information to justify a belief therein.

9.

The allegations contained in paragraph 9 of the Counterclaims do not pertain to Plaintiff and therefore require no response. To the extent response is required, these allegations are denied for lack of sufficient information to justify a belief therein.

10.

The allegations contained in paragraph 10 of the Counterclaims are denied to the extent they allege that Defendant is not in violation of the federal Lanham Act as well as related state trademark and unfair competition laws. The remaining allegations of paragraph 10 are admitted.

11.

The allegations of paragraph 11 of the Counterclaims are admitted.

12.

The allegations of paragraph 12 of the Counterclaims are admitted.

13.

The allegations of paragraph 13 of the Counterclaims are admitted.

14.

The allegations of paragraph 14 of the Counterclaims are admitted.

15.

The allegations contained in paragraph 15 of the Counterclaims constitute a narration and state legal conclusions which do not require an answer. To the extent response is required, Plaintiff admits that it has sold its "METCHUP" product since

at least as early as August 15, 2010.

16.

The allegations contained in paragraph 16 of the Counterclaims are denied as written.

17.

The allegations of paragraph 17 of the Counterclaims are denied.

18.

The allegations of paragraph 18 of the Counterclaims are admitted.

19.

The allegations contained in paragraph 19 of the Counterclaims do not pertain to Plaintiff and constitute legal conclusions. Therefore, no response is required. To the extent response is deemed necessary, these allegations are denied.

20.

The allegations contained in paragraph 20 of the Counterclaims constitute a narration and state legal conclusions which do not require an answer. To the extent response is required, Plaintiff denies that Defendant's product is not likely to confuse consumers.

21.

The allegations of paragraph 21 of the Counterclaims are denied.

22.

The allegations of paragraph 22 of the Counterclaims are denied.

23.

The allegations contained in paragraph 23 of the Counterclaims do not pertain to Plaintiff and therefore require no response. To the extent response is required, these allegations are denied for lack of sufficient information to justify a belief therein.

24.

The allegations of paragraph 24 of the Counterclaims are denied.

25.

The allegations of paragraph 25 of the Counterclaims are denied.

26.

The allegations contained in paragraph 26 of the Counterclaims do not pertain to Defendants and require no response. To the extent response is required, these allegations are denied.

27.

The allegations of paragraph 27 of the Counterclaims are admitted.

28.

The allegations of paragraph 28 of the Counterclaims are denied.

29.

The allegations contained in paragraph 29 of the Counterclaims do not pertain to Defendants and require no response. To the extent response is required, these allegations are denied.

30.

The allegations of paragraph 30 of the Counterclaims are denied.

31.

The allegations of paragraph 31 of the Counterclaims are denied.

32.

The allegations of paragraph 32 of the Counterclaims are denied.

33.

The allegations of paragraphs 33 through 75 are the subject of a pending Motion to Dismiss (R. Doc. 22). A response to these paragraphs, if necessary, shall be filed within 14 days after the Court's disposition of this motion, pursuant to Rule 12(a)(4)(A).

34.

The remaining allegations in the Prayer for Relief constitute legal conclusions to which no response is required. To the extent response is required, Plaintiff denies that Defendant is entitled to any of the relief requested in the Prayer for Relief.

## **JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38, Plaintiff respectfully demands a trial by jury on all counts in this action.

## **AFFIRMATIVE DEFENSES**

AND NOW, Plaintiff asserts the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

Defendant's claims should be dismissed in whole or in part for failure to state a claim.

## SECOND AFFIRMATIVE DEFENSE

Defendant's claims should be dismissed in whole or in part because Defendant has not alleged facts sufficient to demonstrate it is entitled to cancellation of Plaintiff's "METCHUP" registration.

## THIRD AFFIRMATIVE DEFENSE

Defendant's claims should be dismissed in whole or in part because Defendant has not alleged facts sufficient to demonstrate it will be damaged by the continued registration of Plaintiff's "METCHUP" mark.

## FOURTH AFFIRMATIVE DEFENSE

Defendant's claims are barred, in whole or in part, by the equitable doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

Defendant's claims should be dismissed in whole or in part because Defendant has not alleged facts sufficient to justify its demand for a finding that this is an exceptional case within the meaning of 15 U.S.C. §1117.

## SIXTH AFFIRMATIVE DEFENSE

Defendant's claims should be dismissed in whole or in part because Defendant has not alleged facts sufficient to justify its demand for a finding that it is entitled to recover attorneys' fees and costs.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert such additional affirmative defenses as necessary based on such ongoing investigation and discovery.

**WHEREFORE**, Plaintiff, DENNIS PERRY, prays that his answer to Count I of the counterclaims be deemed good and sufficient, and that, after due proceedings had, there be judgment herein in his favor and against defendant, H.J. HEINZ COMPANY BRANDS LLC, dismissing Count I of the counterclaims, and further prays for such other relief as may be just and equitable under the circumstances.

Respectfully Submitted,

*/s/ Brad E. Harrigan*
Brad E. Harrigan (Bar No. 29592)
Kenneth L. Tolar (Bar No. 22641)
**TOLAR HARRIGAN & MORRIS LLC**
1055 St. Charles Avenue, Suite 208
New Orleans, LA 70130
Telephone: (504) 571-5317
Facsimile: (504) 571-5437
bharrigan@nolaipa.com
ktolar@nolaipa.com
***Counsel for Dennis Perry***

## CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2019 a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

*/s/ Brad E. Harrigan*
Brad E. Harrigan