UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

DENNIS PERRY                                          CIVIL ACTION

v.                                                    NO. 19-280

H.J. HEINZ COMPANY BRANDS, LLC                        SECTION "F"

ORDER AND REASONS

Before the Court is the plaintiff's partial motion to dismiss the defendant's counterclaims pursuant to Rule 12(b)(6) and 12(f). For the reasons that follow, the motion is GRANTED.

**Background**

This is a trademark infringement dispute concerning competing mayonnaise and ketchup condiments, "METCHUP" and "MAYOCHUP."

Dennis Perry is an entrepreneur. Since August 2010, he has invested time and money in creating, branding, and selling a mayonnaise and ketchup condiment sauce and a mayonnaise and mustard condiment sauce, both of which he calls METCHUP. Perry is the exclusive owner of United States Trademark Registration No. 3,920,035 for METCHUP (the "'035 Registration"). The '035 Registration provides that the word mark "METCHUP" is registered for "ketchup; mayonnaise; mustard, in Class 30 (U.S. Cl. 46)." Given the longstanding, continuous, and exclusive use of the

1

METCHUP trademark, it is alleged, the trademark registration is incontestable under 15 U.S.C. § 1065.

H.J. Heinz Company Brands LLC, a subsidiary of The Kraft Heinz Company, is the third largest food and beverage company in the United States. Heinz Brands owns many trademarks, some of which it licenses to Kraft Heinz Foods Company, which uses the HEINZ® marks in promoting its food products throughout the United States. Among its portfolio of trademarks, on April 23, 2018, Heinz Brands applied for federal registration of the "MAYOCHUP" mark.[1] According to Perry, consumers on social media have noted the phonetic similarities between the marks, Heinz has advertised on its website and on social media its MAYOCHUP product using a counterfeit designation identical to Perry's METCHUP trademark, and Heinz's misleading advertising practices have caused internet searches for "METCHUP" to lead the searcher directly to Heinz's website and products.

On January 14, 2019, Perry sued H.J. Heinz Company Brands, L.L.C., alleging that Heinz's MAYOCHUP mark is confusingly similar in sight, sound, and meaning to Perry's METCHUP mark.[2] Perry

---

[1] Perry alleges that Heinz owns the MAYOCHUP-branded trademark for its mayonnaise and ketchup condiment sauce.

[2] About a week later, Perry filed a notice of opposition to Heinz Brands' MAYOCHUP application with the U.S. Trademark Trial and

2

asserts seven causes of action: three federal claims (counterfeiting, trademark infringement, and false designation of origin) and four state law claims (liability for damages under Louisiana Civil Code article 2315, unfair trade practices under La.R.S. 51:1409, Louisiana trademark infringement, and Louisiana trademark dilution).

Heinz answered and asserted eight counterclaims, seeking invalidation of Perry's trademark and declaratory judgments of no counterfeiting, no trademark infringement, no false designation of origin, no liability for damages under Civil Code article 2315, no unfair trade practices, no Louisiana trademark infringement, and no Louisiana trademark dilution. Arguing that Heinz's second through eighth counterclaims are merely mirror images of the plaintiff's claims against Heinz, the plaintiff now moves to dismiss these counterclaims as redundant of the issues raised by the plaintiff's claims.

I.

A.

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state

---

Appeal Board. The parties have agreed to suspend the opposition proceeding pending resolution of this lawsuit, and the TTAB has granted the request for suspension.

a claim upon which relief can be granted. Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009)(citing Fed. R. Civ. P. 8). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In considering a Rule 12(b)(6) motion, the Court "accept[s] all well-pleaded facts as true and view[s] all facts in the light most favorable to the plaintiff." See Thompson v. City of Waco, Texas, 764 F.3d 500, 502 (5th Cir. 2014) (citing Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys, 675 F.3d 849, 854 (5th Cir. 2012)(en banc)). But, in deciding whether dismissal is warranted, the Court will not accept conclusory allegations in the complaint as true. Id. at 502-03 (citing Iqbal, 556 U.S. at 678).

To survive dismissal, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Gonzalez v. Kay, 577 F.3d 600, 603 (5th Cir. 2009)(quoting Iqbal, 556 U.S. at 678)(internal quotation marks omitted). "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. at 678 (internal quotations omitted) (citing Twombly, 550 U.S. at 557). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'", thus, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (alteration in original) (citation omitted).

Finally, "[w]hen reviewing a motion to dismiss, a district court 'must consider the complaint in its entirety, as well as other sources ordinarily examined when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Funk v. Stryker Corp., 631 F.3d 777, 783 (5th Cir. 2011)(quoting Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007)). If the Court considers materials outside of the pleadings, the motion to dismiss must be treated as

a motion for summary judgment under Rule 56. See Causey v. Sewell Cadillac-Chevrolet, Inc., 394 F.3d 285, 288 (5th Cir. 2004); see also Fed. R. Civ. P. 12(d).

B.

Rule 12(f) allows the Court to strike "any redundant, immaterial, impertinent, or scandalous matter" from a pleading. A motion to strike is disfavored, "a drastic remedy to be resorted to only when required for the purposes of justice." Augustus v. Bd. Of Pub. Instruction of Escambia Cnty, Fla., 306 F.2d 862, 868 (5th Cir. 1962) (quoting Brown v. Williamson Tobacco Corp v. United States, 201 F.2d 819, 822 (6th Cir. 1953)). "Even when technically appropriate and well-founded, motions to strike are not [to] be granted in the absence of a showing of prejudice to the moving party." Abene v. Jaybar, LLC, 802 F. Supp. 2d 716, 723 (E.D. La. 2011)(Fallon, J.)(internal quotation omitted). The decision to grant or deny a motion to strike is reserved to the Court's discretion. Tarver v. Foret, No. 95-1192, 1996 WL 3536, at *1 (E.D.La. Jan. 3, 1996).

II.

A.

The Declaratory Judgement Act provides: "In a case of actual controversy within its jurisdiction . . . any court of the United

States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201. The Supreme Court of the United States has "repeatedly characterized the Declaratory Judgment Act as 'an enabling act, which confers a discretion on the courts rather than an absolute right upon the litigant.'" Wilton v. Seven Falls Co., 515 U.S. 277, 287 (1995)(quoting Public Service Comm'n of Utah v. Wyoff Co., 344 U.S. 237, 241 (1952)).

Courts uniformly dismiss declaratory judgment claims under Federal Rule of Civil Procedure 12(b)(6) if they are redundant of the substantive legal claims. See Smitty's Supply, Inc. v. Hegna, No. 16-13396, 2019 WL 1099712, at *2 (E.D. La. March 8, 2019)(granting motion to dismiss declaratory judgment claims where decision of the substantive claims would "resolve the issues raised in the declaratory judgment action"); Veal v. Wells Fargo Bank, No. 16-3998, 2016 WL 6024534, at *6 (E.D. La. Oct. 14, 2016)(granting dismissal of declaratory judgment claim because the "[p]laintiffs' plea for declaratory relief mirrors" their substantive claim). Another Section of this Court notes that "[w]hen the request for declaratory relief brings into question issues that already have been presented in plaintiff's complaint and defendant's answer to the original claim. . .a party might challenge the counterclaim on the ground that it is redundant and

the court should exercise its discretion to dismiss it." Aguiluz v. Citibank, N.A., No. 18-5126, 2018 WL 5773302, at *5 (E.D.La. Nov. 2, 2018) (quoting 6 Charles Alan Wright, ET AL., FEDERAL PRACTICE & PROCEDURE § 1406, at 30-31(3d ed. 1999)). Additionally, "[c]ourts in the Fifth Circuit regularly reject declaratory judgment claims seeking the resolution of issues that will be resolved as a part of the claims in the lawsuit." American Equipment Co., Inc. v. Turner Bros. Crane and Rigging, LLC., No. 13-2011, 2014 WL 3543720, at *4 (S.D. Tex. July 14, 2014)(dismissing under the Declaratory Judgement Act pursuant to Rule 12(b)(6)); see also Flanagan v. Chesapeake Exploration, LLC, No. 15-0222, 2015 WL 6736648, at *4 (N.D. Tex. Nov. 4, 2015)(dismissing under the Declaratory Judgement Act pursuant to Rule 12(b)(6): "if a request for a declaratory judgment adds nothing to an existing lawsuit, it need not be permitted").[3]

To determine whether a declaratory judgement claim is redundant, the Court considers whether resolving other claims

---

[3] See also Albritton Props. v. Am. Empire Surplus Lines, No. 04-2531, 2005 WL 975423, at *2 (N.D. Tex. Apr.25, 2005) (dismissing counterclaim for a declaratory judgment under the Declaratory Judgement Act pursuant to Rule 12(b)(6) because it had no "greater ramifications than the original suit"); The Burlington Insurance Co. v. Ranger Specialized Glass, Inc., No. 12-1759, 2012 WL 6569774, at *3 (S.D. Tex. Dec.17, 2012) (dismissing a declaratory judgment counterclaim under the Declaratory Judgement Act pursuant to Rule 12(b)(6) that was a "mirror image of the ... Complaint").

would render a declaratory judgement superfluous. Robinson v. Hunt County, Texas, 921 F.3d 440, 450-51 (5th Cir. 2019).

B.

The plaintiff moves the Court to strike or dismiss all but one of the defendant's declaratory judgment counterclaims because they are redundant of both the plaintiff's affirmative claims and of the defendant's affirmative defenses. The plaintiff contends that the counterclaims are "merely redundant restatements of the claims already asserted" that "have no meaning except to make unnecessary work for the parties, the court, and the jury." The defendant counters that the Court should not strike the counterclaims under Rule 12(f) because the plaintiff has failed to prove prejudice. The defendant cites Centex Homes v. Lexington Ins. Co. in support of this argument, yet it fails to note that the court in that case instructed that "Federal Rule of Civil Procedure 12 does permit a court to strike **or dismiss** a counterclaim on the basis that it is redundant." No. 13-719, 2014 WL 1225501, at *14 (N.D.Tex. March 25, 2014)(emphasis added). There, the court considered "whether resolution of plaintiff's claim, along with the affirmative defenses asserted by defendants,

9

would resolve all questions raised by a counterclaim." Id.[4] Regardless of whether Rule 12(b)(6) or Rule 12(f) is the proper procedural vehicle, the Declaratory Judgement Act allows the Court the discretion to hear declaratory judgement claims. Here, the defendant does not meaningfully dispute that resolving the plaintiff's claims will render the contested counterclaims moot.

Intellectual property disputes call for even broader discretion in assessing declaratory judgement claims because, as the Supreme Court stated, "[a] party seeking declaratory judgment of invalidity presents a claim independent of the patentee's charge of infringement." Who Dat, Inc. v. Rouse's Enterprises, LLC, No. 12-2189, 2013 WL 395477, at *3 (E.D.La Jan. 31, 2013)(quoting Cardinal Chem. Co. v. Morton Int'l, Inc., 508 U.S. 83, 92(1943)). Here, however, the plaintiff does not seek to dismiss the defendant's counterclaim to invalidate his trademark, and, thus, any additional rights afforded to the defendant by the invalidity counterclaim are not affected. Each of the contested counterclaims, on the other hand, pertains solely to the plaintiff's original claim of infringement.

---

[4] The plaintiff in Centex Homes only moved to strike the declaratory judgment claim under Rule 12(f), and, thus the court did not assess whether the plaintiff met the redundancy burden under Rule 12(b)(6) to dismiss the declaratory judgment claims. Id. at *13-14, 16.

The decision to dismiss the defendant's declaratory judgement counterclaims in counts II-VIII is reinforced by the case literature. District courts ruling on similar trademark disputes have held that resolution of the plaintiff's affirmative claims will render the mirrored counterclaims moot. For example, in <u>Emma, Inc. v. Microstrategy, Inc.</u>, the court held that "for [p]laintiff to succeed on its claims, the [c]ourt or jury will have to find that [d]efendant is infringing on [p]laintiff's mark. Implicit in any such finding is a declaratory judgement that [d]efendant either is or is not infringing on [p]laintiff's mark." No.11-0926, 2012 WL 90405, at *1 (M.D. Tenn. Jan. 11, 2012). <u>See also</u> <u>Knights Armament Co. v. Optical Systems Technology, Inc.</u>, 568 F. Supp. 2d. 1369, 1375 (M.D. Fla. 2008)(" Because the parties' rights with respect to trademarks will be decided by the infringement claims at hand, there is no need for declaratory judgment"); <u>Southwest Windpower, Inc. v. Imperial Electric, Inc.</u>, No. 10-8200, 2011 WL 486089, at *3 (D. Ariz. Feb. 4, 2011)(defendant's trademark infringement counterclaims were "repetitious of issues already before the court via the complaint")(quotations omitted).

Here, the plaintiff's claims and the defendant's affirmative defenses will resolve the questions posed in counterclaims II-

VIII.[5] The plaintiff's claims of (1) counterfeiting, (2) trademark infringement, (3) false designation of origin, (4) liability for acts causing damages, (5) Louisiana unfair trade practices, (6) Louisiana trademark infringement, and (7) Louisiana trademark dilution are directly opposed by the defendant's counterclaims II-VIII. The defendant simply attaches "no" to each of the plaintiff's claims without asserting a need for any additional judicial findings. In assessing the "potential qualitative differences" between the defendant "merely prevailing in [p]laintiff's lawsuit, and receiving an affirmative declaration of rights to a declaratory judgment," the Court finds that there will be no additional rights to adjudicate in resolving the defendant's counterclaims. See Centex Homes, 2014 WL 1225501, at *14 (N.D. Tex. March 25, 2014). In each contested counterclaim, the defendant simply submits a negative restatement of the plaintiff's claim.

This is true of each of the contested counterclaims. For example, to resolve the plaintiff's claims the Court will determine whether Heinz Brands' use of MAYOCHUP constitutes an infringement or counterfeiting of Perry's trademark METCHUP. The fact-finder's resolution of this issue will necessarily determine whether Heinz

---

[5] The plaintiff does not move to dismiss or strike counterclaim I, which seeks to invalidate plaintiff's trademark.

Brands may continue to use MAYOCHUP.[6] Thus, the defendant's declaratory judgement counterclaims II and III of "no counterfeiting" and "no infringement" are superfluous or redundant of claims the factfinder must already determine. Similarly, in counterclaim V, Heinz Brands reiterates the plaintiff's claim that "Heinz Brands is liable for damages. . . caused by the use in commerce of Heinz Brands' MAYOCHUP mark," and proceeds to state their counterclaim as "the use in commerce of Heinz Brands' MAYOCHUP mark does not infringe any rights that Perry may have and has caused Perry no harm." This is redundant of the plaintiff's claim and Heinz's defense.

The defendant's counterclaims are identically structured to the plaintiff's affirmative claims, and offer Heinz Brands no additional rights through a declaratory judgment. Each of these counterclaims is redundant and thus may be dismissed at the discretion of the Court. Accordingly, IT IS ORDERED: that the plaintiff's partial motion to dismiss the defendant's

---

[6] Heinz Brands contends that the resolution of Perry's claims will not determine the rights of their licensee, Kraft Food Brands, whom actually uses the mark in commerce. That is not a persuasive argument, given that infringement rights will be determined by the judgement of infringement or non-infringement of the actual owner of the MAYOCHUP trademark, and the only other party to this lawsuit, Heinz Brands.

counterclaims is GRANTED; the defendant's counterclaims II-VIII are hereby DISMISSED as superfluous.

New Orleans, Louisiana, June 10, 2019

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE