UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DENNIS PERRY**                                                                   **CIVIL ACTION 19-280**

**VERSUS**

**H.J. HEINZ COMPANY BRANDS**                      **SECTION: "T"**
**LLC and KRAFT HEINZ FOODS**
**COMPANY**

**ORDER**

Before the Court are three related motions for summary judgment: (1) Plaintiff's Motion for Partial Summary Judgment,[1] (2) Motion for Partial Summary Judgment on Defendants' Affirmative Defenses and Counterclaim for Cancellation,[2] and (3) Defendants' Cross-Motion for Summary Judgment.[3] For the following reasons, the motions for summary judgment[4] filed by Dennis Perry ("Plaintiff") are **DENIED**, and the cross-motion for summary judgment[5] filed by H.J. Heinz Company Brands LLC and Kraft Heinz Foods Company ("Defendants") is **GRANTED**.

**BACKGROUND**

This suit involves Plaintiff's claims for trademark infringement under the Lanham Act, 15 U.S.C. § 1051, *et seq.,* including the Trademark Counterfeiting Act of 1984, 15 U.S.C. § 1116(d), and related state law claims for trademark infringement and unfair competition.[6] Plaintiff alleges that Defendants unlawfully manufactured, distributed, advertised and sold infringing goods and

---

[1] R. Doc. 72.
[2] R. Doc. 76.
[3] R. Doc. 97.
[4] R. Docs. 72 and 76.
[5] R. Doc. 97.
[6] R. Doc. 1.

promotional materials bearing a confusingly similar trademark as to Plaintiff's federally registered "METCHUP" trademark.[7] On June 15, 2007, Plaintiff filed a federal trademark application for his "METCHUP®" brand condiment sauce with the United States Patent & Trademark Office. Since August 15, 2010, Plaintiff has manufactured, bottled, and sold his "METCHUP®" brand condiment sauces within the United States. On February 15, 2011, the United States Patent & Trademark Office determined that Plaintiff is the exclusive owner of "METCHUP®" and issued a federal trademark registration for the mark bearing U.S. Reg. No. 3,920,035. The goods recited in Plaintiff's METCHUP registration are "ketchup; mayonnaise; mustard." Plaintiff has not registered his METCHUP trademark with the State of Louisiana. Plaintiff has sold approximately thirty-four (34) bottles in total of "METCHUP," which consists of Wal-Mart store brand ketchup mixed in equal parts (i.e., a 50/50 ratio) with either Wal-Mart store brand mayonnaise or Wal-Mart store brand mustard. Plaintiff has sold METCHUP only from the reception area of the Star Motel in Louisiana and has not sold METCHUP in any store or online.

In 2018, Kraft Heinz launched a family of "flavor mashup" condiment sauces in the U.S., including HEINZ® KRANCH (ketchup and ranch sauce), HEINZ® MAYOMUST (mayonnaise and mustard sauce), HEINZ® MAYOCUE (mayonnaise and barbecue sauce) and HEINZ® MAYOCHUP (mayonnaise and ketchup sauce). Beginning in April 2018, Kraft Heinz conducted a pre-launch public outreach campaign for HEINZ® MAYOCHUP. As part of its pre-launch campaign, Kraft Heinz invited the public to submit proposed names for the new product. Kraft Heinz received at least 95 submissions, including a submission for METCHUP. At the end of the prelaunch campaign, Kraft Heinz posted an image on its website of a "gallery" of submitted names shown on virtual mock-up bottles. Kraft Heinz subsequently launched HEINZ® MAYOCHUP in

---

[7] R. Doc. 1.

the U.S. in or around September 2018. HEINZ® MAYOCHUP is now sold in retail stores across the country and online.

In January 2019, Plaintiff filed his complaint asserting federal counterfeiting, trademark infringement and false designation of origin, as well as related state law claims. Plaintiff and Defendants have both moved for summary judgment contending there are no genuine issues of material fact. Plaintiff and Defendants only dispute the legal significance of the undisputed material facts.

## LAW AND ANALYSIS

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[8] When assessing whether a dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[9] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[10] The party seeking summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact.[11] "Once the movant does so, the burden shifts to the nonmovant to establish an issue of fact that warrants trial."[12]

---

[8] Fed. R. Civ. P. 56(a).
[9] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).
[10] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994).
[11] *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986).
[12] *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 420 n.4 (5th Cir. 2016).

1. **Likelihood of Confusion**

To prove trademark infringement, counterfeiting or false designation of origin under the federal Lanham Act, 15 U.S.C. § 1101 *et seq.*, a plaintiff must prove that the defendant has used a mark in a way that is likely to confuse consumers.[13] "Likelihood of confusion" is more than a mere possibility; the plaintiff must demonstrate a probability of confusion.[14] Likelihood of confusion is typically a question of fact, but summary judgment is proper if the "record compels the conclusion that the movant is entitled to judgment as a matter of law."[15] The Court examines "the following nonexhaustive 'digits of confusion' in evaluating likelihood of confusion: (1) the type of trademark; (2) mark similarity; (3) product similarity; (4) outlet and purchaser identity; (5) advertising media identity; (6) defendant's intent; (7) actual confusion; and (8) care exercised by potential purchasers."[16] The burden of proving likelihood of confusion rests with the plaintiff.[17]

The Court finds Plaintiff has failed to prove Defendants have used Plaintiff's mark in a way that is likely to confuse consumers. Plaintiff has failed to produce any evidence to show that the mark and product sold by Defendants is similar to Plaintiff's METCHUP mark. The undisputed facts show that Kraft Heinz has never used a METCHUP mark in commerce (i.e., in connection with the interstate sale or transportation of goods). Plaintiff's counterfeiting claim is based on a member of the public having submitted "METCHUP" as a proposed name for Kraft Heinz's as-yet unlaunched condiment sauce in April 2018. Kraft Heinz has never used METCHUP in commerce, and Plaintiff has not produced any evidence to show that Kraft Heinz ever intended to do so. Plaintiff has also failed to produce any evidence to show actual confusion. Thus, based on

---

[13] *Xtreme Lashes, LLC v. Xtended Beauty, Inc.*, 576 F.3d 221, 226 (5th Cir.2009).
[14] *Id.* (citing *Bd. of Supv. v. Smack Apparel*, 550 F.3d 465, 478 (5th Cir.2008).
[15] *Id.* at 227 (quoting *Smack Apparel*, 550 F.3d at 474).
[16] *Id.* at 227.
[17] *S. Snow Mfg. Co. v. Sno Wizard Holdings, Inc.*, 2011 WL 601639, at *2 (E.D. La. Feb. 16, 2011).

the digits of confusion, the Court finds that Plaintiff cannot establish a likelihood of confusion in this case.

Defendants also move for summary judgment on Plaintiff's claim under the Louisiana Unfair Trade Practices Act ("LUTPA"), La. R.S. § 51:1409 and under state trademark infringement law, La. R.S. § 51:222. Both statutes require a plaintiff to show a likelihood of consumer confusion. Accordingly, summary judgment is granted as to Plaintiff's LUTPA claim and Louisiana trademark infringement claim for the same reasons set forth above.

### 2. Cancellation for Non-Use

Defendants also seek summary judgment on their counterclaim finding that Plaintiff's mark should be cancelled. Under 15 U.S.C. § 1064, a mark may be cancelled at any time if it has been abandoned. "Use" for abandonment purposes is equivalent to "use in commerce" under 15 U.S.C. § 1127.[18] The Lanham Act defines "use in commerce" as "the bona fide use of a mark in the course of trade, and not merely to reserve a right in a mark."[19] This definition reflects Congress's intent to define " 'use' so as to require a greater degree of activity."[20] In the end, "actual use of a mark in commerce is what creates and builds up rights in a mark."[21]

The summary judgment evidence produced establishes that Plaintiff has abandoned his trademark by failing to use the trademark in commerce. Plaintiff obtained a federal trademark registration for the word mark METCHUP in 2011. Plaintiff has not registered his METCHUP trademark with the State of Louisiana and has only sold METCHUP from the reception area of the

---

[18] *Who Dat Yat Chat, LLC v. Who Dat, Inc*., 2012 WL 1118602, at *11 (E.D. La. Apr. 3, 2012).
[19] 15 U.S.C. § 1127.
[20] *Chance v. Pac-Tel Teletrac Inc*., 242 F.3d 1151, 1157 (9th Cir.2001) *(citing* 2 McCarthy on Trademarks and Unfair Competition, § 16:8 (4th ed.)).
[21] *KeyCorp v. Key Bank & Trust*, 99 F. Supp. 2d 824, 826 (N.D. Ohio 2000) (citations omitted); *see also United Drug Co. v. Theodore Rectanus, Co.,* 248 U.S. 90, 97 (1918) ("[t]he right to a particular mark grows out of its use, not its mere adoption.").

Star Motel. Plaintiff has failed to produce any evidence to show any sales of METCHUP-branded products outside of Louisiana or to non-Louisiana residents. Plaintiff has never sold METCHUP in any store, nor has he offered it for sale on the internet. Plaintiff has made no more than nine or ten batches of either ketchup-and-mustard or ketchup-and-mayonnaise, with each batch filling no more than six 12-ounce bottles. In total, Plaintiff has made no more than sixty (60) bottles of product and has sold no more than thirty-four (34) individual bottles. Therefore, the Court finds that Plaintiff has abandoned his trademark by failing to make lawful, non-*de minimis* use of his METCHUP mark in commerce.

## CONCLUSION

Accordingly, for the foregoing reasons, **IT IS ORDERED** that the motions for summary judgment[22] filed by Dennis Perry are **DENIED**, and the cross-motion for summary judgment[23] filed by H.J. Heinz Company Brands LLC and Kraft Heinz Foods Company is **GRANTED.**

**New Orleans, Louisiana**, on this 8th day of June, 2020.

**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**

---

[22] R. Docs. 72 and 76.
[23] R. Doc. 97.